GEORGE S. BILL ET AL., APPELLANTS, V. LYDIA WILLEY SWIFT ET AL., APPELLEES.

FILED JUNE 13, 1911.   No. 16,437.

Appeal: BILL OF EXCEPTIONS: CERTIFICATION. "The rule is settled that this court will, on its own motion, refuse to consider a document appearing in the record and purporting to be a bill of exceptions when not authenticated as such by the certificate of the clerk of the trial court." *State Bank v. Bradstreet, ante,* p. 186.

APPEAL from the district court for Cheyenne county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Miles & McIntosh,* for appellants.

*Wilcox & Halligan, contra.*

REESE, C. J.

This is an appeal from a decree of the district court for Cheyenne county. The cause is said to have been tried upon an agreed statement of facts. By the recitals in the decree the cause was tried on the first day of May, 1909, on which day the decree was rendered. Forty days were given in which to prepare and serve a bill of exceptions. On the 9th day of June, 1909, an additional 40 days were given by the judge. What is said to be the stipulation of facts is upon two sheets of paper. On another sheet is the certificate of the reporter, the proof of service of a bill of exceptions, and the allowance thereof signed by the judge. None of these papers have been filed in the office of the clerk of the district court, nor is there any certificate by such clerk that the papers are the bill, either

the original or a copy thereof, as required by statute. This being true, we are left without any evidence that the bill presented contains the evidence upon which the case was tried and decided. *State Bank v. Bradstreet, ante,* p. 186.

We have examined the pleadings in the case, and find the averments sufficient to sustain the decree, and must presume that the findings of the court are supported by the evidence.

The decree of the district court is therefore

AFFIRMED.